# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JESSICA SANTANA, on behalf of herself and all others similarly situated,**

    **Plaintiffs,**

v.                                              CASE NO.:

**HEALTHINSURANCE.COM, LLC,**

    **Defendant.**

_____/

## CLASS ACTION COMPLAINT
## (JURY TRIAL DEMANDED)

Named Plaintiff, Jessica Santana ("Named Plaintiff"), on behalf of herself and all others similarly situated ("Putative Class Members")(Named Plaintiff and the Putative Class Members shall collectively be referred to herein as "Plaintiffs"), file this Class Action Complaint against Defendant, HealthInsurance.com, LLC ("Defendant") for violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). In further support thereof, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by the Named Plaintiff, on her own behalf and on behalf of over 100 other similarly situated former employees, seeking to recover damages in the amount of 60 days' compensation and benefits for each of them by reason of the Defendant's violation of their rights under the

Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

2. Plaintiffs were employees of Defendant who were terminated without cause on their part on or about February 22, 2024, or within thirty (30) days thereof, as part of or as the reasonably expected consequence of a mass layoff or plant closing, which was effectuated by Defendant on or about that date.

3. Defendant failed to provide Plaintiffs with the sixty (60) days advance written notice that is required by the WARN Act. In fact, Defendant provided Plaintiffs with zero (0) days of advance notice.

4. Defendant's mass layoffs deprived Plaintiffs "…and their families [of] some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

5. Plaintiffs are entitled under the WARN Act to recover from the Defendant their wages and benefits for 60 days.

6. Defendant will likely claim exemption from this requirement under the "unforeseeable business circumstance" exception of the WARN Act, and possibly cite to inflation, or financial issues.

7. Under that exception, "[a]n employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff

is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." 29 U.S.C. § 2102(b)(2)(A).

8. However, Defendant was still mandated by the WARN Act to give Plaintiffs "as much notice as is practicable." Defendant failed to do so here, instead, giving Plaintiffs absolutely no advance notice.

9. According to its website, Defendant's "mission is to offer anyone looking for individual and family plans, the tools to find a wider range of health insurance options than any other place online."

10. To this end, Defendant "partner[s] with the nation's leading Medicare carriers to offer [ ] coverage and benefit options."[1]

11. Defendant has also "partnered with trusted and knowledgeable health insurance agencies . . . ."[2]

12. Further provided by Defendants own website is the touting that "Millions of Americans have trusted us to help them find the best health plan option that works for their lifestyle and budget."[3]

13. Defendant was a prosperous company who not only served millions of clients, but engaged in business with top Medicare carriers and trusted health insurance agencies, as its website proclaims.

---

[1] https://www.healthinsurance.com/
[2] https://www.healthinsurance.com/about
[3] https://www.healthinsurance.com/about

14. Defendant's termination of Plaintiffs were not due to any unforeseeable business circumstances, as Defendant was not suffering any sudden, dramatic, or unexpected conditions outside of its control.

15. To the contrary, Defendant was financially thriving and no conditions or circumstances existed that would have prevented it from providing the Named Plaintiff and the Putative Class with sixty (60) days of notice, prior to its mass layoff of them.

16. Defendant's failure to provide employees with the legally required advance written notice, mandated by the WARN Act is a particularly egregious violation because of Defendant's successes in the marketplace.

17. To the extent that Defendant was experiencing any financial difficulties that led to its decision to terminate the Named Plaintiff and the Putative Class, due to Defendant's significant financial successes, there were certainly no conditions which would have prevented Defendant from being able to provide the Named Plaintiff and the Putative Class with sixty (60) days of notice, prior to its mass layoff of them.

18. Moreover, there were certainly no conditions which would have necessitated Defendant providing the Named Plaintiff and the Putative Class with *zero (0)* days of advance notice.

19. In fact, in an email sent to Plaintiffs from Defendant on February 22, 2024, roughly one hour prior to the terminations, wherein Defendant suggests that some employees would be terminated, Defendant notes that "[o]ver the past few

months, out leadership team and I have been diligently working on 'what's next' for our company."

20. Again, in an email sent to Plaintiffs from John R. Parker, Jr., Defendant's Vice President of Human Resources & Facilities, on the evening of February 22, 2024, hours after the terminations, which "confirmed" Defendant's decision to terminate Plaintiffs "effective today," Defendant expressed that this decision came after "the past few months" as "leadership has been working on 'what's next' for our company."

21. Accordingly, Defendant, itself, effectively admits that it could have provided Plaintiffs with more advanced notice of the terminations, as this was a decision that had been in the works for, at least, "the past few months."

22. However, instead, Defendant chose to provide Plaintiffs with no days of advanced notice of the termination, no continued compensation, and no severance package.

23. A similarly situated employer exercising reasonable judgment would have ensured its ability to provide the Named Plaintiff and the Putative Class with notice of their termination well in advance of sixty (60) days prior to their termination.

## JURISDICTION

24. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

25. The violation of the WARN Act alleged herein occurred in this District.

26. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

27. Defendant was a Florida limited liability company with its main office in Tampa, Florida (the "Facility") and other Florida offices located in Port St. Lucie, Sunrise, and Lake Mary, Florida.

28. The Facility in Tampa served as Defendant's main headquarters and employees ultimately reported to this Facility.

29. Named Plaintiff worked for Defendant out of the Facility in Tampa, Florida.

30. Prior to their termination, Named Plaintiff was an employee of Defendant.

31. On or around February 22, 2024, the Named Plaintiff was notified that she was being terminated from her employment, without cause on her part, by the Defendant, effective that same day, February 22, 2024.

32. On February 22, 2024, or within thirty (30) days thereof, and thereafter, the Named Plaintiff and over one-hundred (100) other employees of the Defendant were terminated without cause on their part as part of or as the reasonably expected consequence of the terminations that occurred on or about February 22, 2024 or within thirty (30) days thereof.

33. The Named Plaintiff brings this action on her own behalf and, pursuant to rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Putative Class Members.

## THE MASS LAYOFF / PLANT CLOSURE

34. On or around February 22, 2024, or within thirty (30) days thereof, Named Plaintiff and the Putative Class Members learned for the first time that Defendant was terminating them effective that same day.

35. On or around February 22, 2024, Defendant sent an email to employees, including Plaintiffs, which suggested that some employees would be losing their jobs.

36. Soon thereafter, on this same day, Defendant held a meeting with Named Plaintiff and the Putative Class Members to inform them that they were terminated, effective immediately.

37. During this meeting, Defendant informed Named Plaintiff and the Putative Class Members that because they were all "at-will employees," Defendant could terminate them effective immediately, with no notice.

38. This was Plaintiffs' last day as employees of Defendant, as they were sent home that same day.

39. Later that evening, on February 22, 2024, Defendant sent an email to Named Plaintiff and the Putative Class Members as a "confirmation" of their termination.

40. Defendant did not compensate Named Plaintiff after February 22, 2024.

41. Upon information and belief, Defendant did not compensate the Putative Class Members after February 22, 2024.

42. Defendant did not make Named Plaintiff any severance offer.

43. Upon information and belief, Defendant did not make Putative Class Members any severance offers.

44. Defendant has no excuses for failing to comply with the WARN Act's 60-day notice requirement as to the Named Plaintiff and the Putative Class Members.

45. In fact, Defendant did not provide Plaintiffs with any written notice prior to the termination, outside of the email sent to them on the same date as the termination, February 22, 2024, which failed to comply with the WARN Act's notice requirements, and merely suggested that some employees may lose their jobs.

46. This same day, Plaintiffs were then called to a meeting where they were provided verbal notice of their termination.

47. The only other written "notice" of the termination came in the form of another email that Defendant sent to Plaintiffs on the evening of February 22, 2024, hours after Plaintiffs had been terminated, which was merely a "confirmation" that they were "terminated effective today, February 22nd, 2024."

48. At a minimum, WARN Act notices must contain: (i) the name and address of the employment site where the plant closing or mass layoff will occur, and the name and telephone number of a company official to contact for further information; (ii) a statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that

effect; (iii) the expected date of the first separation and the anticipated schedule for making separations; and (iv) the job titles of positions to be affected and the names of the workers currently holding affected jobs.

49. The notice that Plaintiffs received from Defendant as to their termination failed to properly contain all of the above. Thus, to date, Plaintiffs have never received a compliant WARN Act notice.

## **THE CLAIM FOR RELIEF**

50. At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, *i.e.,* those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

51. The terminations on or about February 22, 2024, or within thirty (30) days thereof, of the employment of persons who worked at the Facility for Defendant resulted in the loss of employment for over one-hundred (100) employees, excluding Part-Time Employees.

52. The terminations on or about February 22, 2024, or within thirty (30) days thereof, of the employment of persons who worked at the Facility or as the reasonably foreseeable consequence of those terminations resulted in the loss of

employment for at least 33% of the Facility's employees excluding Part-Time Employees.

53. The Named Plaintiff and the Putative Class Members were discharged without cause on their part on or about February 22, 2024, or within thirty (30) days thereof, or thereafter as the reasonably expected consequence of the terminations that occurred on or about February 22, 2024 or within thirty (30) days thereof.

54. The Named Plaintiff and each of the other Putative Class Members experienced an employment loss as part of or as the reasonably expected consequence of the mass layoff and/or plant closing that occurred on or about February 22, 2024, or within thirty (30) days thereof.

## CLASS ACTION ALLEGATIONS

55. The Plaintiffs constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

56. Specifically, the Named Plaintiff seeks to certify the following class:

**HealthInsurance.com, LLC WARN Act Class Action:**
All former employees of Defendant throughout the United States not given a minimum of 60 days' written notice of termination, and whose employment was terminated on or about February 22, 2024, or within thirty (30) days thereof, as a result of a "mass layoff" or "plant closing" as defined by the Workers Adjustment and Retraining Notification Act of 1988.

57. Each of the Putative Class Members is similarly situated to the Named Plaintiff with respect to his or her rights under the WARN Act.

58. Common questions of law and fact are applicable to all members of the Class.

59. The common questions of law and fact arise from and concern the following facts, among others: that all Putative Class Members enjoyed the protection of the WARN Act; that all Putative Class Members were employees of the Defendant who worked at or reported to the Facility; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of Putative Class Members without giving them at least 60 days' prior written notice as required by the WARN Act; that the Defendant failed to pay the Putative Class Members wages and to provide other employee benefits for a 60-day period following their respective terminations; and on information and belief, the issues raised by an affirmative defenses that may be asserted by the Defendant.

60. The Named Plaintiff's claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, the Named Plaintiff and the other Putative Class Members is an injured party with respect to his/her rights under the WARN Act.

61. The Named Plaintiff will fairly and adequately protect and represent the interests of the Class.

62. The Named Plaintiff has the time and resources to prosecute this action.

63. The Named Plaintiff has retained the undersigned counsel who have had extensive experience litigating WARN Act claims, employee rights' claims, and other claims in Federal court.

64. The Class is so numerous as to render joinder of all members impracticable in that there are approximately 300 members of the Class.

65. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

66. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

67. No Putative Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

68. No litigation concerning the WARN Act rights of any Class member has been commenced.

69. Concentrating all the potential litigation concerning the WARN Act rights of the Putative Class Members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Putative Class Members.

70. On information and belief, the names of all the Putative Class Members are contained in Defendant's books and records.

71. On information and belief, a recent residence address of each of the Putative Class Members is contained in Defendant's books and records.

72. On information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's books and records.

73. As a result of Defendant's violation of the WARN Act, each Putative Class Members is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plan had that plan provided coverage for such period.

74. Defendant failed to pay the Named Plaintiff and the other Putative Class Members for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendant's benefit plans had those plans remained in effect.

75. The Named Plaintiff hereby demand a jury trial of all issues that may be so tried.

**WHEREFORE**, the Named Plaintiff demands judgment as follows:

A. In favor of the Named Plaintiff and each Putative Class Members against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

B. Appointment of the Named Plaintiff as Class Representative;

C. Appointment of the undersigned as Class Counsel;

D. In favor of the Named Plaintiff for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

E. Interest allowed by law;

F. Such other and further relief as this Court deems just and proper.

Dated this 25th day of March, 2024.

                    Respectfully submitted,

                    */s/Brandon J. Hill*
                    **BRANDON J. HILL**
                    Florida Bar Number: 0037061
                    **LUIS A. CABASSA**
                    Florida Bar Number: 0053643
                    **AMANDA E. HEYSTEK**
                    Florida Bar Number: 0285020
                    **WENZEL FENTON CABASSA, P.A.**
                    1110 North Florida Avenue, Suite 300
                    Tampa, FL 33602
                    Main No.: 813-224-0431
                    Direct No.: 813-379-2565
                    Facsimile: 813-229-8712
                    Email: bhill@wfclaw.com
                    Email: lcabassa@wfclaw.com
                    Email: aheystek@wfclaw.com
                    ***Attorneys for Named Plaintiff***